*Notice: This order is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 25-BG-0704**

IN RE GARY S. PISNER,
      Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals
**Bar Registration No. 423535**      **DDN: 2025-D036**

BEFORE: McLeese and Deahl, Associate Judges, and Thompson, Senior Judge.

**O R D E R**
(FILED – December 18, 2025)

On consideration of the certified order from the Supreme Court of Maryland disbarring respondent; this court's July 28, 2025, order suspending respondent pending this matter's resolution and directing him to show cause why reciprocal discipline should not be imposed; respondent's response, in which he opposes disbarment and requests this court continue the matter pending additional litigation in Maryland and federal courts; the statement of Disciplinary Counsel requesting that reinstatement in the District be conditioned upon respondent's reinstatement in Maryland; and respondent's reply in which he does not address the proposed reinstatement condition; and it appearing that respondent has not filed his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Gary S. Pisner is hereby disbarred from the practice of law in the District of Columbia with reinstatement conditioned upon reinstatement in Maryland. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that exceptions to the rebuttable presumption in favor of identical reciprocal discipline should be rare); *see also In re Corry*, 290 A.3d 20, 20 (D.C. 2023) (per curiam) (where the respondent did not object, conditioning his reinstatement upon reinstatement in the originating jurisdiction). Respondent does not show good cause to continue this matter where the Maryland disciplinary order is final. Nor does respondent establish an exception prohibiting the imposition of reciprocal discipline. *See* D.C. Bar R. XI, § 11(c). Respondent had notice of the Maryland proceedings, participated in a two-day evidentiary hearing, and raised his due process arguments

in his exceptions filed with the Supreme Court of Maryland, which rejected them. *See In re Diviacchi*, 308 A.3d 1194, 1199 (D.C. 2024) ("[A]n attorney has a right to procedural due process in a disciplinary procedure, which is afforded when the disciplinary proceeding provides adequate notice and a meaningful opportunity to be heard." (internal quotation marks omitted)). The approximately 130-day gap between the Maryland disbarment order and the opinion explaining the reasons for disbarment does not constitute a serious defect in the proceedings where the opinion did not change the substance or outcome of the order. Furthermore, respondent "is not entitled to relitigate or collaterally attack the findings or judgment" in the Maryland proceeding. *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003). It is

FURTHER ORDERED that for purposes of reinstatement, respondent's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**